**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:20cr00011 |
| | ) | **Electronic Filing** |
| **EDWARD BAKER, III** | ) | |

## <u>MEMORANDUM OPINION</u>

On March 10, 2020, a grand jury returned a three-count indictment charging Edward

Baker, III (the "defendant").  The indictment charges defendant at count one with receipt of

material depicting the sexual exploitation of a minor, from in and around April 2019, and

continuing thereafter until in and around December 2019, in violation of 18 U.S.C. §§ 2252(a)(2)

and 2252(b)(1), at count two with possession of material depicting the sexual exploitation of a

minor, from in and around April 2019, and continuing thereafter until in and around December

2019, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), and at count three with

possession of a firearm by an unlawful user of a controlled substance in and around December

2019, in violation of 18 U.S.C. § 922(g)(3).  Presently before the court are defendant's Motion

for Discovery, Motion to Provide Notice of Evidence that the Government Intends to Use Under

Federal Rules of Evidence 404(b) and 609, and Motion to Preserve Law Enforcement's Rough

Notes.  For the reasons set forth below, the defendant's motions will be granted in part and

denied in part.

Defendant has filed a Motion for Discovery seeking any and all exculpatory evidence,

impeachment material, and information relating to witness cooperation.  The government filed a

response acknowledging its obligations under Rule 16, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963),

<u>Giglio v. United States</u>, 405 U.S. 150 (1972), and the Jencks Act.  In doing so, it implicitly

asserts that it is not aware of any exculpatory material.  However, it acknowledges that if such information becomes available, it will diligently disclose it to the defense.  Additionally, the government asserts that there are no cooperating witnesses or informants implicated in this case. Furthermore, while it is not aware of any impeachment material for any witness that may testify in the case, if any such evidence is discovered it also will be directly provided to the defense. However, the government argues that such impeachment material need not be turned over until the time of a witness' testimony.  Therefore, the government contends that the defendant's request for this information is premature.

To the extent defendant's motion seeks the disclosure of statements, information and things beyond (1) that which the government has made or has agreed to make available and (2) the dictates that flow from Rule 16 and Brady, the motion will be denied for a number of reasons.  First, in responding to the Motion for Discovery, the government has acknowledged its Rule 16 obligations and has indicated it will comply with those obligations fully.  Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial.  United States v. Fioravanti, 412 F.2d 407, 410 (3d Cir.), cert. denied, 396 U.S. 837 (1969).  Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession.  United States v. Randolph, 456 F.2d 132, 136 (3d Cir.), cert. denied, 408 U.S. 926 (1972).  In fact, in sharp contrast with these propositions, the United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution."  United States v. Ramos, 27 F.3d 65, 67-68 (3d Cir. 1994).  As a general matter

these other areas are limited to the Jencks Act and materials available pursuant to the so-called "Brady doctrine."  Id. at 68.[1]

Second, the government has no obligation to produce an outline of the evidence it will offer at trial.  A defendant is not entitled to conduct a wholesale review of the government's investigation.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (there is no general constitutional right to discovery in a criminal case).  Nor is a defendant entitled to obtain a list of the government's witnesses through discovery.  See United States v. DePasquale, 740 F.2d 1282, 1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985).  Similarly, there is no authority to support a defendant's request for the specifics of each government witness' proposed testimony.  See Fioravanti, 412 F.2d at 410 (a defendant has no right to discover the minutia of the government's evidence or the manner in which it will be used).  And even assuming arguendo that this court has some residual discretion to order the pretrial disclosure of the government's evidence in appropriate circumstances, the current record falls woefully short of presenting sufficient grounds to justify such an extraordinary measure.

Another area potentially remaining in dispute concerns the disclosure of impeachment material.  As a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jencks Act.  In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the disclosure of "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Id. at 87.  The Supreme Court subsequently held

---

[1]     The Jencks Act provides that any statement or report made by a government witness which relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination.  See 18 U.S.C. § 3500(b).

that evidence which may be used to impeach the testimony of a government witness falls within the ambit of Brady when the credibility of the witness may have an effect on the jury's determination of guilt or innocence.  See Giglio v. United States, 405 U.S. 150, 154 (1972); see also United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984); Ramos, 27 F.3d at 68 (Brady material includes "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (quoting United States v.  Hill, 976 F.2d 132, 134-35 (3d Cir. 1992)).  In United States v. Agurs, 427 U.S. 97, 107 (1976), the Supreme Court modified the Brady rule to require the government to disclose exculpatory evidence even when the defendant has not requested the information.  Id. at 107; see also United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991).

The so-called Brady doctrine generally is understood as a rule of minimum fairness. United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984).  It establishes a prosecutorial obligation rather than a general rule of pretrial discovery.  The government thus has an obligation to produce favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial.  This obligation is not to be used, however, to permit a defendant to obtain wholesale discovery of the government's principal case.  See Higgs, 713 F.2d at 42; United States v. Bocra, 623 F.2d 281, 285 (3d Cir. 1980).

It is well-settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay.  Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial."  Higgs, 713 F.3d at 44; United States v. Blackwell, 954 F. Supp. 944, 968 (D.N.J. 1997).  A district court has general discretionary authority to order the pretrial disclosure of Brady impeachment material and that discretion is to

be exercised in a manner which "ensure[s] the effective administration of the criminal justice system."  Government of Virgin Islands v. Martinez, 847 F.2d 125, 127 (3d Cir. 1988); Blackwell, 954 F. Supp. at 968.  The government asserts it need not comply with this aspect of defendant's motion "until the time of the witness' testimony."  In other words, the government reasons that compliance with the Jencks Act is adequate compliance with disclosing Brady impeachment material.

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials.  See Starusko, 729 F.2d at 261 (citing United States ex rel. Marzeno v. Gengler, 574 F.2d 730, 739 (3d Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977)); see also United States v. Giampa, 904 F. Supp. 235, 281 (D.N.J. 1995); Blackwell, 954  F. Supp. at 968.  The government's early production of Higgs-type impeachment material may well overlap with its subsequent production under the Jencks Act and provide defendant with "advanced" notice of certain witnesses the government intends to use at trial.  Nevertheless, the court notes that after disclosure is made defense counsel can more fully advise her client regarding the appropriate development of the case, including consideration of any plea agreement offered by the government.  In light of all of the circumstances, the government is encouraged to disclose all Brady impeachment material without further delay, and in any event it will be ordered to produce all such material no later than ten business days prior to trial.[2]

---

[2]    Of course, this ruling has no bearing on the government's disclosure of information that

Defendant also moves for timely notice of any prior bad acts and past criminal convictions the government intends to introduce pursuant to Rules 404(b) and 609. The government responds that a trial has not been scheduled, but when a date is set, it will comply with both Rule 404(b) and Rule 609's notice and timing requirements.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial. Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992). Thus, the disclosure of the general nature of such evidence is that which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes as "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In Alex, the court ordered disclosure of Rule 404(b) evidence seven days prior to trial. In contrast, the court in United States v. Williams,

---

falls solely under the Jencks Act. It is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination. See United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), cert. denied, 435 U.S. 955 (1978). Although courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial. See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140. The government is encouraged to follow the longstanding practice in this district of disclosing all Jenck's material not falling within the scope of other aspects of this court's order at least five business days prior to trial.

792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in <u>United States v. Evangelista</u>, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

Rule 609(b) requires the government to provide advanced written notice of its intent to use a conviction that is more than 10 years old (or where 10 years has elapsed since the release of the witness from confinement, whichever is later) for impeachment purposes. Advanced notice in these circumstances is required in order to "provide the adverse party with a fair opportunity to contest the use of such evidence." Fed. R. Evid. 609(b). There is no similar disclosure requirement under Rule 609(a).[3] Consequently, the court can only order the government to provide advanced written notice of its intent to proffer Rule 609(b) evidence.

The government has not indicated whether it is aware of any conviction falling within the ambit of Rule 609(b). Nonetheless, the government acknowledges that if defendant has any relevant convictions that fall under Rule 609(b), it will provide notice to the defendant in compliance with both Rule 609(b) and any scheduling order issued by this court. To the extent it becomes aware of any such evidence and intends to use it at trial, it will be required to provide notice of that intent at the same time it provides notice under Rule 404(b), at least ten business

---

[3]    Rule 609(a) is limited to the use of prior convictions and does not authorize the use of arrests or uncharged misconduct to impeach the testimony of an accused.

days prior to trial.

Numerous courts have recognized that a defendant is not entitled to a pretrial hearing on any Rule 404(b) or Rule 609(b) evidence identified by the government.  See, e.g., United States v. Blackwell, 954 F. Supp. 944, 964 (D. N.J. 1997) (a district court need not conduct a pretrial evidentiary hearing simply because the defendant asks for such a hearing) (citing United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir.) ("A district court does not have to hold evidentiary hearing on a motion just because a party asks for one."), cert. denied, 498 U.S. 843 (1990).  At the very least, a defendant must make a colorable claim for such relief before the discretion to conduct such a hearing is brought into play.  Id.  Defendant has not made such a showing here. Consequently, his request for a pretrial hearing on the admissibility of evidence which has not yet been identified will be denied without prejudice to renew at trial.

Defendant also requests an order directing all government agents and law enforcement officials involved in any aspect of this case to preserve all rough notes made during the course of the investigation.  He further requests that any such materials be reviewed for statements or information falling within Brady or Jencks Act.

The government indicates it already has instructed its agents to preserve these materials. It further specifies that it will produce them if appropriate as part of its Brady and Jencks disclosures.

In United States v. Vella, 562 F.2d 275 (3d Cir. 1977), the Third Circuit held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady . . . or the Jencks Act."  Id. at 276.  In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the court acknowledged that a rough draft is not necessarily a Jencks Act statement until it

is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor.  Nevertheless, the court held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination of whether they should be produced."  Id. at 259.  The court also cautioned that "the government must be vigilant in observing its responsibility to preserve these materials because the Supreme Court has cautioned that the harmless error doctrine must be strictly applied in Jencks Act cases."  Id. at 260 (citations omitted).

Defendant's request for an order requiring all government agents to preserve their rough notes and writings will be granted.  Defendant is entitled to the discovery of such material only to the extent that it falls within the purview of Brady and/or the Jencks Act.  To the extent any rough notes and investigative reports fall within these limited areas of disclosure, the government shall produce them in accordance with this memorandum and order of court.  To the extent defendant seeks the production of any rough notes and investigative reports not falling within those limited areas of disclosure, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of Brady and/or the Jencks Act.

For the reasons set forth above, defendant's pretrial motions will be granted in part and denied in part. An appropriate order will follow.

Date: September 9, 2025

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Christian A. Trabold, AUSA
       Gabrielle Lee, AFPD

       United States Marshal's Office
       United States Probation Office

       (Via CM/ECF Electronic Mail)